IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

LOUIS R. YOUNG

   Petitioner,

v.

JANET DOWLING,

   Respondent.

Case No. 21-CV-0429-JFH-CDL

## OPINION AND ORDER

This matter is before the Court on Petitioner Louis Young's *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed October 4, 2021 ("Petition"). Dkt. No. 1. In the Order filed October 18, 2021, this Court screened the Petition and determined that it was subject to being dismissed as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Dkt. No. 3. The Court directed each party to file a written response addressing the timeliness of the Petition. Dkt. No. 3; Dkt. No. 5. Having considered the Petition, Young's Response ("Response") [Dkt. No. 4], and Respondent Janet Dowling's Limited Response in Favor of Dismissal for Untimeliness ("Limited Response") [Dkt. No. 7], the Court finds and concludes that the sole claim asserted in the Petition is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. The Court therefore DISMISSES the Petition and DENIES as moot Young's Motion to Expedite Ruling [Dkt. No. 8].

**I.**

Young brings this habeas action to challenge the judgment and sentence entered against him in the District Court of Osage County, Case No. CF-2005-266A. Dkt. No. 1 at 1. In that case, a jury found Young guilty of first-degree murder, and, on March 7, 2007, the trial court imposed

a sentence of life without the possibility of parole. *Id.* at 1-2. Young filed a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), and the OCCA affirmed his judgment and sentence on August 12, 2008. *Young v. State*, 191 P.3d 601 (Okla. Crim. App. 2008). Young did not file a petition for writ of certiorari in the United States Supreme Court to seek further direct review. Dkt. No. 1 at 3.

As set forth in the Order filed October 18, 2021, and as confirmed by records of state court proceedings that Dowling submitted with the Limited Response, Young sought postconviction relief for several years:

- September 12, 2008, Young filed a motion for a suspended sentence.
- December 30, 2009, Young filed an application for postconviction relief.
- August 25, 2010, the state district court denied the motion for suspended sentence and the application for postconviction relief.
- August 25, 2010, the state district court ordered the court clerk to "file court's copies" of Young's application for postconviction relief dated June 22, 2010, and Young's motion for sentencing modification dated May 22, 2010.
- December 27, 2010, Young filed an application for postconviction relief.
- April 20, 2011, the state district court denied the motion for sentencing modification that was docketed on August 25, 2010.
- March 6, 2012, the state district court denied the application for postconviction relief that was docketed on August 25, 2010.
- March 6, 2012, the state district court directed Young to amend and resubmit the application for postconviction relief he filed December 27, 2010.
- June 20, 2014, the state district court denied Young's amended application for

postconviction relief that was originally filed December 27, 2010.

- September 15, 2020, Young filed an application for postconviction relief, asserting that the trial court lacked subject matter jurisdiction over his criminal prosecution.

- December 14, 2020, the state district court denied the application for postconviction relief filed on September 15, 2020. Young filed a postconviction appeal.

- January 29, 2021, the OCCA remanded the matter to the state district court for an evidentiary hearing and a ruling on the application.

- April 9, 2021, the state district court issued findings of fact and conclusions of law and denied the application for postconviction relief that was filed September 15, 2020.

- September 24, 2021, the OCCA affirmed the state district court's post-remand order denying Young's application for postconviction relief.

Dkt. No. 3 at 3-4; Dkt. No. 7-24 at 28-41.

Young filed the Petition on October 4, 2021, and he identifies one ground for federal habeas relief. Dkt. No. 1 at 1, 5. Young claims, in light of *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), that the trial court lacked jurisdiction to convict him of first-degree murder because he is Native American, he is a member of the Muscogee (Creek) Nation, and his crime occurred within the boundaries of the Osage Nation Reservation. *Id.* at 5-6; *see generally* Dkt. No. 4. Young presented this claim in state court through his application for postconviction relief filed September 15, 2020, and through his related postconviction appeal wherein the OCCA affirmed the denial of postconviction relief on September 24, 2021. Dkt. No. 1 at 6-7; Dkt. No. 7-26; Dkt. No. 7-27.

## II.

Dowling contends, and the Court agrees, that the Petition is untimely. Ordinarily, a state prisoner who seeks federal habeas relief through a 28 U.S.C. § 2254 petition for writ of habeas

corpus must file the petition within one year of the date the prisoner's conviction became final on the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The one-year limitation period may also commence at a later date under the circumstances set forth in § 2244(d)(1)(B), (C) and (D). Regardless of when it begins, the one-year limitation period is tolled during the time that the prisoner's properly filed applications for state postconviction relief or other collateral review are pending in state court. 28 U.S.C. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).[1]

### III.

The Petition is clearly untimely under § 2244(d)(1)(A). Because Young did not file a petition for writ of certiorari in the Supreme Court, his conviction became final on November 10, 2008, ninety (90) days after the OCCA affirmed his judgment and sentence on direct appeal.[2] *Gonzalez*, 565 U.S. at 150; *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Absent statutory tolling, Young's one-year limitation period would have commenced the next day, on November 11, 2008, and would have expired on November 11, 2009. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). But the procedural history shows that Young's one-year limitation period was continuously tolled between November 11, 2008, and July 21, 2014, while his multiple

---

[1] As the Court explained in the Order filed October 18, 2021, a federal court also has discretion to toll the one-year limitation period for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or to apply an equitable exception and review untimely claims when a prisoner presents a credible claim of actual innocence, *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392 (2013). Dkt. No. 3 at 5-6. But, even liberally construing the Petition and the Response, the Court does not read any of Young's arguments as seeking equitable tolling or as asserting an actual-innocence claim.

[2] The 90-day period for filing a petition for writ of certiorari expired on November 9, 2008. But because that was a Sunday, Young had until the following Monday, November 10, 2008, to file a timely petition for writ of certiorari. Fed. R. Civ. P. 6(a)(1)(C).

attempts to seek postconviction relief or other collateral review were pending in state court.[3] As a result, Young's one-year limitation period, under § 2244(d)(1)(A), did not expire until July 22, 2015. Given that expiration date, Young's sixth application for postconviction relief, filed September 15, 2020, had no tolling effect under § 2244(d)(2). *See Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Thus, the Petition, filed October 4, 2021, is clearly untimely.[4]

And Young makes no arguments that command a different conclusion. First, Young contends that his claim cannot be barred because it challenges the trial court's subject matter jurisdiction and "subject matter jurisdiction is never waived." Dkt. No. 1 at 6. But this Court previously has rejected the argument that a claim challenging the trial court's jurisdiction over a state criminal prosecution may "never" be barred by § 2244(d)(1)'s one-year statute of limitations. *See, e.g.*, *Barnes v. Dowling*, No. 19-CV-0097-JED-FHM, 2019 WL 5697187, at *6 (N.D. Okla. 2019) (unpublished); *Murrell v. Allbaugh*, No. 18-CV-0341-JHP-FHM, 2019 WL 2130144, at *5 (N.D. Okla. 2019) (unpublished); *Walker v. Calbone*, No. 06-CV-294-TCK-SAJ, 2007 WL 845926, at *3 (N.D. Okla. 2007) (unpublished); *see also Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished) (rejecting habeas petitioner's argument that "subject matter

---

[3] The state district court denied Young's fifth application for postconviction relief or other collateral review on June 20, 2014, and Young did not file a postconviction appeal. He is nonetheless entitled to statutory tolling for the 30-day period in which he could have filed an appeal. *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). Because his 30-day period expired on Sunday, July 20, 2014, he had until Monday, July 21, 2014, to file a timely postconviction appeal and his one-year limitation period thus commenced the next day, July 22, 2014. *Harris*, 642 F.3d at 906 n.6; Fed. R. Civ. P. 6(a)(1)(C).

[4] Dowling takes issue with this Court's conclusion that Young's motion for a suspended sentence qualifies as a tolling motion. Dkt. No. 7 at 12 & n.6. But Dowling acknowledges that "even the most generous reading of the record would put [Young] well beyond the expiration of his limitations period." *Id.* at 12.

jurisdiction can never be waived and therefore he can never be barred from raising the issue" as "without support in the law" and concluding that a challenge to the trial court's subject matter jurisdiction, like any habeas claim, "is subject to dismissal for untimeliness").[5]

Second, Young contends that his one-year limitation period commenced at a later date under § 2244(d)(1)(C). Dkt. No. 1 at 6, 9-10; Dkt. 4 at 1-3. Under that provision, a state prisoner may file a timely habeas petition within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As Dowling contends, this provision "only applies to rules that are *constitutional* in nature." Dkt. 7 at 11. And this Court previously has explained that *McGirt* did not trigger a new one-year limitation period under § 2244(d)(1)(C) because *McGirt* did not recognize any new constitutional rights. *See Rowbotham v. Nunn*, Case No. 22-CV-0011-JFH-SH, 2022 WL 1523195, at *2 (N.D. Okla. May 13, 2022) (gathering cases); *Berry v. Braggs*, No. 19-CV-0706-GKF-FHM, 2020 WL 6205849, at *7 (N.D. Okla. 2020) (unpublished) (concluding that habeas petitioner could not rely on § 2244(d)(1)(C) to support timeliness of petition because "the *McGirt* Court did not recognize any new constitutional rights when it determined that Congress did not disestablish the Muscogee (Creek) Nation Reservation"). Because the Supreme Court in *McGirt* did not recognize any new constitutional rights, Young cannot show that his one-year limitation period commenced at a later date under § 2244(d)(1)(C).

V.

For the reasons just discussed, the Court concludes that the sole claim raised in the Petition

---

[5] The Court cites these unpublished decisions, and any other unpublished decision herein, as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

is barred by the one-year statute of limitations. The Court therefore DISMISSES the Petition and DENIES as moot Young's Motion to Expedite Ruling. Further, because the statute of limitations presents a plain procedural bar, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

THEREFORE, IT IS ORDERED that:

1. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed October 4, 2021 [Dkt. No. 1] is DISMISSED, with prejudice, as barred by the one-year statute of limitations.
2. The Motion to Expedite Ruling [Dkt No. 8] is DENIED as moot.
3. A certificate of appealability is DENIED.
4. A separate judgment shall be entered in this matter.

Dated this 11th day of August 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE